UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE ) <br> OF WAY EMPLOYEES, DIVISION, IBT ) <br> 20300 Civic Center Dr. Suite 320 ) <br> Southfield, MI 48076-4169 ) <br> ) <br>     Plaintiff, ) <br> ) <br> NATIONAL RAILROAD PASSENGER CORP. ) <br> 60 Massachusetts Ave., NE ) <br> Washington, DC 20002 ) <br> ) <br>     Defendant. ) | Case No. |

## PETITION FOR ENFORCEMENT OF ARBITRATION AWARD

The Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED") brings this complaint against the National Railroad Passenger Corp. ("Amtrak") for an order enforcing an arbitration award rendered by a Public Law Board created pursuant to Section 3 Second of the Railway Labor Act ("RLA"), 45 U.S.C. §153 Second. On January 17, 2006, the Board held that Amtrak violated a collective bargaining agreement between the parties when Amtrak used forces other than its own maintenance of way employees to perform brush-cutting and tree-trimming work on its right-of-way. The Board ordered that BMWED members be compensated for the work they would have done if Amtrak had not contracted-out the work. However, Amtrak has refused to comply with the Award of the Board by refusing to compensate BMWED members for the work that was done by contractor forces. BMWED therefore seeks enforcement of the Award.

## PARTIES

1. BMWED is an unincorporated labor association that maintains its headquarters in Southfield, Michigan. BMWED is the representative for collective bargaining under Section 1 Sixth of the RLA, 45 U.S.C. §151 Sixth, of employees of Amtrak working in the class or craft of maintenance of way employee.

2. Amtrak is a government created corporation that was organized to assume responsibility for provision of national intercity passenger rail service. Amtrak owns certain track, right of way and associated shop and other facilities between Washington, D.C. and Boston, Massachusetts known as the Northeast Corridor ("NEC"), and it operates trains and carries out maintenance of way work necessary for service on the NEC. Amtrak is a "carrier" within the meaning of Section 1 First of the RLA, 45 U.S.C. §151 First.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this petition pursuant to 28 U.S.C. §§ 1331 and 1337, §§ 2201 and 2202; and 45 U.S.C. § 153 First (p).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c) because Amtrak owns and operates lines of railroad within this District.

## STATEMENT OF THE CLAIM

5. BMWED and Amtrak are parties to a collective bargaining agreement covering Amtrak's maintenance of way employees who work on the NEC ("CBA").

6. The CBA provides that work historically performed by BMWED-represented maintenance of way employees is preserved for those employees. The CBA also provides that track maintenance work from four inches below the base of the rail tie and up, may not be

contracted-out without the consent of the Union, except in certain specified situations.

7. The clearing of trees, brush and other vegetation has historically been performed by BMWED maintenance of way employees; and it is expressly preserved to those employees under the terms of the CBA.

8. On May 10, 2004, Amtrak advised BMWED that it intended to contract-out work of cutting trees and brush along the carrier's right-of-way in the Northern District of the NEC.

9. BMWED objected to the plan to contract-out the tree and brush cutting work, asserting that the work was reserved to BMWED forces under the CBA.

10. The parties were unable to resolve their differences. Pursuant to an agreement concerning contracting-out disputes, the dispute over contracting out of the tree and brush cutting work on the Norther District of the NEC was referred to a Public Law Board chaired by neutral member Peter Meyers.

11. The Board issued decision and award on January 17, 2006. A copy of that Decision and Award is attached to this petition.

12. The Board found that the work in question was historically performed by BMWED forces, and that it was a type of work that the CBA states may not be contracted-out without the consent of the Union.

13. After referring to the language of the CBA, history and practice on the property, and prior arbitration awards that had held that the CBA reserved work of cutting trees, brush and vegetation along the right-of-way to BMWED forces, the Board found that Amtrak did not have the authority to contract-out the work, and it therefore sustained the claim.

14. The Board further issued an award to remedy the violation, stating: "With respect to

the remedy, this Board must find that the Carrier is required to reimburse at the straight-time rate the applicable maintenance of way employees for the work that they should have been allowed to perform but was instead performed by the outside contractors".

15. After the Award was issued, BMWED made inquiries about when Amtrak would make reimbursement to the employees who would have been able to do the work that the contractor forces performed. Amtrak indicated that it did not intend to reimburse any BMWED forces.

16. On March 20, 2006, Amtrak's Vice President Labor Relations Joseph Bress wrote to BMWED General Chairman Jed Dodd about the dispute over contracting out of the tree and brush cutting work on the Norther District of the NEC. Mr. Bress advised Mr. Dodd that Amtrak denied that any reimbursement was due any BMWED member.

## CAUSE OF ACTION

17. BMWED repeats and realleges herein the allegations contained in paragraphs 1-16 above.

18. Section 3 First (p) of the RLA, 45 U.S.C. § 153 First (p) provides that "[i]f a carrier does not comply with an order of" an arbitration panel under Section 3 a union may seek enforcement of the award in Federal District Court.

19. Amtrak has failed and refused to comply with the Award of the Board by refusing to reimburse its maintenance of way employees for the work that they should have been allowed to perform but was instead performed by the outside contractors.

20. Amtrak's conduct entitles BMWED to relief in accordance with Section 3 First (p) of the RLA, 45 U.S.C. § 153 First (p).

## REQUEST FOR RELIEF

WHEREFORE, BMWED respectfully requests that the Court

A. Declare that BMWED is entitled to enforcement of the Meyers Award in accordance with Section 3 First (p) of the Railway Labor Act, 45 U.S.C. § 153 First (p);

B. Enforce and direct Amtrak to comply with the Meyers Award;

C. Require Amtrak to make whole BMWED's members who should have been allowed to perform the work that was performed outside contractors, plus interest;

D. Direct Amtrak UP to pay in full BMWED's attorneys' fees and costs in this action;

E. Grant BMWED such other and further legal and equitable relief that the Court deems just and proper.

Respectfully submitted,

/s/
Richard S. Edelman
D.C. Bar No. 416348
O'Donnell, Schwartz & Anderson, P.C.
1900 L Street, N.W., #800
Washington, DC 20036
(202) 898-1824
fax (202)-429-8928

Of Counsel:
William A. Bon, Esq.
General Counsel
Brotherhood of Maintenance
of Way Employes
20300 Civic Center Dr. Suite 320
Southfield, MI 48076-4169
(248) 948-1010

Counsel for the Brotherhood of Maintenance of Way Employes Division/IBT

April 5, 2006