IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES DIVISION, IBT, 20300 Civic Center Dr., Suite 320 Southfield, MI 48076-4169,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, 60 Massachusetts Ave., NE Washington, DC 20002,<br><br>    Defendant. | Civil Action No. 1:06-cv-00631-JR |

**AMTRAK'S ANSWER, AND IN THE ALTERNATIVE,
COUNTERCLAIM TO VACATE THE ARBITRATION REMEDY**

**ANSWER**

National Railroad Passenger Corporation ("Amtrak"), by and through its undersigned counsel, answers the Petition for Enforcement of Arbitration Award filed by the Brotherhood of Maintenance of Way Employees Division, IBT ("BMWED"), according to the numbered paragraphs thereof, as follows:

**PARTIES**

1.    Amtrak admits the allegations in Paragraph 1 of the Petition.

2.    Amtrak admits the allegations in Paragraph 2 of the Petition.

**JURISDICTION AND VENUE**

3.    Amtrak denies that this Court has jurisdiction because the issue raised in the Petition is a minor dispute subject to the executive jurisdiction of a Board of Adjustment under

- 2 -

the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq.

4. Amtrak admits that it owns and operates lines of railroad within this District. The remaining allegations of Paragraph 4 of the Petition state a legal conclusion to which no response is required.

### STATEMENT OF THE CLAIM

5. Amtrak admits the allegations in Paragraph 5 of the Petition.

6. Amtrak admits the allegations in the second sentence of Paragraph 6 of the Petition. Amtrak denies the remaining allegations in Paragraph 6 of the Petition.

7. Amtrak admits that the clearing of certain trees, brush, and other vegetation have in some circumstances been performed by BMWED-represented maintenance of way employees. Amtrak avers that BMWED-represented maintenance of way employees do not have the exclusive right to perform the clearing of trees, brush, and other vegetation. Amtrak avers that employees represented by the International Brotherhood of Electrical Workers ("IBEW") have some or all of the same rights. Amtrak denies the remaining allegations in Paragraph 7 of the Petition.

8. Amtrak admits the allegations in Paragraph 8 of the Petition. Amtrak avers that the May 10 letter provided that "[t]here are no Amtrak forces available at this time to complete this work as they are fully employed with other projects or day-to day maintenance and inspection work." The letter also stated that "[n]o Amtrak employees will be furloughed as a result of the contracting out of this work."

9. Amtrak admits the allegations in Paragraph 9 of the Petition.

10. Amtrak admits the allegations in Paragraph 10 of the Petition.

11. Amtrak admits the allegations in Paragraph 11 of the Petition.

- 3 -

12. The Board's findings speak for themselves. They are set forth in its Award, which is attached to the Petition. To the extent that the allegations in Paragraph 12 of the Petition require a response, they are denied.

13. Amtrak admits that the Board sustained the BMWED's claim. The Board's findings speak for themselves. They are set forth in its Award, which is attached to the Petition. To the extent that the remaining allegations in Paragraph 13 of the Petition require a response, they are denied.

14. Amtrak admits the allegations in Paragraph 14 of the Petition.

15. Amtrak admits the allegations in Paragraph 15 of the Petition, but Amtrak avers that it is not required to reimburse any BMWED forces pursuant to the Board's Award because there are no "applicable maintenance of way employees" who would have been able to perform the work that the contractor performed. Amtrak further avers that its BMWED maintenance of way employees were fully employed when the work was contracted out and that no employees were furloughed as a result of the subcontract. In any event, Amtrak avers that the interpretation or application of the term "applicable maintenance of way employees" is an issue within the exclusive jurisdiction of an Adjustment Board under the RLA.

16. Amtrak admits the allegations in Paragraph 16 of the Petition.

**CAUSE OF ACTION**

17. Amtrak incorporates by reference its responses to Paragraphs 1-16 of the Petition as set forth above.

18. Paragraph 18 of the Petition states a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 18 of the Petition require a response, they are denied.

- 4 -

19.     Amtrak denies that it has failed and refused to comply with the Award of the Board.  Amtrak avers that two BMWED-represented employees were assigned to the project along with the contractor at the time that the work was performed and that there are no other "applicable maintenance of way employees" who are entitled to reimbursement under the Award.  Amtrak further avers that the work would have been properly assigned to employees represented by the IBEW had it been performed in-house.  In any event, the interpretation or application of the term "applicable maintenance of way employees" is an issue within the exclusive jurisdiction of an Adjustment Board under the RLA.

20.     Amtrak denies that BMWED is entitled to relief in accordance with Section 3, First (p) of the RLA, 45 U.S.C. § 153, First (p).

## REQUEST FOR RELIEF

Amtrak denies all allegations contained in the Request for Relief and further denies that Plaintiff is entitled to any relief sought in the Petition.

## FIRST AFFIRMATIVE DEFENSE

The Petition raises a minor dispute under the Railway Labor Act, 45 U.S.C. § 151 et seq., that is within the exclusive jurisdiction of an Adjustment Board.  Therefore, the Court lacks subject matter jurisdiction over this action.

## SECOND AFFIRMATIVE DEFENSE

Amtrak has performed its obligations under the Award of the Public Law Board.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under the provisions of Section 3 First (p) of the Railway Labor Act, 45 U.S.C. § 153 First (p).

- 5 -

**ALTERNATIVE COUNTERCLAIM TO VACATE THE ARBITRATION REMEDY**

In the alternative, if the Court finds that the issue presented in the Petition is not a minor dispute within the exclusive jurisdiction of an Adjustment Board under the Railway Labor Act, 45 U.S.C. § 151 et seq. ("RLA"), the National Railroad Passenger Corporation ("Amtrak"), by and through its undersigned counsel, petitions to vacate any back pay remedy ordered by Public Law Board No. 6671.

**INTRODUCTION**

1. This action is brought pursuant to the RLA, to vacate an arbitration award issued under a collective bargaining agreement between the Amtrak and the Brotherhood of Maintenance of Way Employees Division, IBT ("BMWED"). The Award orders Amtrak to pay "applicable maintenance of way employees" for certain work that was performed by the employees of an outside contractor. However, no BMWED-represented maintenance of way employees were available to perform this work at the time it was performed; they were all fully employed. Therefore, if the Public Law Board's Award requires the payment of a back pay remedy, it is punitive and should be vacated.

**PARTIES**

2. The National Railroad Passenger Corporation is a government-created corporation organized pursuant to 49 U.S.C. § 24101 et seq. and the laws of the District of Columbia, and does business under the name "Amtrak." Congress created Amtrak under the Rail Passenger Service Act of 1970 ("RPSA"), as amended, 49 U.S.C. § 24101 et seq., in an effort to stave off the extinction of passenger rail service in the United States. Congress provided that Amtrak would be served by a nine-member board of directors, which includes the Secretary of Transportation, the president of Amtrak, three individuals appointed by the President of the

United States, with the advice and consent of the Senate, two individuals selected directly by the President, and two individuals selected by the holders of the preferred stock. The United States Government is the sole shareholder of Amtrak's preferred stock, and Amtrak relies on federal funding for its operation. Amtrak is covered by the Government Corporation Control Act, 31 U.S.C. § 9101 et seq. Amtrak's principal place of business is located at 60 Massachusetts Avenue, N.E., Washington, D.C. 20002.

3. Amtrak is a "carrier" under Section 1 First of the Railway Labor Act, 45 U.S.C. § 151 First, and is therefore subject to the provisions of the RLA.

4. Amtrak serves more than 24 million customers annually, in 500 communities in 46 states, and employs just over 20,000 people, of whom almost 18,000 are represented by thirteen unions and two councils. There are 24 collective bargaining agreements with labor organizations, both national and regional, which are negotiated, supervised and administered by Amtrak's Vice President, Labor Relations.

5. The BMWED is an unincorporated labor organization, which, pursuant to the RLA, represents certain employees of Amtrak. The BMWED maintains offices at 20300 Civic Center Drive, Suite 320, Southfield, Michigan, 48076-4169. The BMWED is a party to a collective bargaining agreement with Amtrak that establishes the rates of pay, rules, and working conditions for the maintenance of way employees in Amtrak's Northeast Corridor (the "NEC Agreement").

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1337; 28 U.S.C. §§ 2201 and 2202; and Section 3 First (q) of the RLA, 45 U.S.C. § 153 First (q).

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) because the BMWED represents Amtrak employees in this District.

## STATEMENT OF THE CLAIM

8.      On January 17, 2006, Public Law Board No. 6671 issued an Award under the NEC Agreement sustaining BMWED's claim concerning Amtrak's subcontracting of certain tree trimming work. The Award directed Amtrak "to reimburse at the straight-time rate the applicable maintenance of way employees for the work that they should have been allowed to perform but was instead performed by the outside contractor." A copy of the Award is attached hereto.

9.      The Board recognized that BMWED's claim to this work was not exclusive, and that the International Brotherhood of Electrical Workers ("IBEW") also had a claim to the work. However, the Board did not decide "the relationship of rights that may or may not be held by the International Brotherhood of Electrical Workers vis-à-vis the Brotherhood of Maintenance of Way Employees."

10.     At the time the tree trimming work was performed by the subcontractor, maintenance of way employees represented by BMWED were fully employed. No BMWED-represented employees were furloughed as a result of the contracting out of this work.

## CAUSE OF ACTION

11.     Amtrak repeats and realleges herein the allegations contained in paragraphs 1-10 above.

12.     The Award's remedy, if it requires payment of back pay to fully-employed BMWED employees, is punitive because two BMWED-represented employees were assigned to perform work alongside the contractor and any other "applicable" BMWED-represented

- 7 -

employees were fully employed at the time of Amtrak's subcontracting of the tree trimming work. Had the work been performed in-house, it would have properly been assigned to employees represented by the IBEW.

13. No provision of the NEC Agreement authorizes an Adjustment Board to award a punitive remedy.

14. Public Law Board No. 6671 exceeded the scope of its jurisdiction if it awarded a punitive back pay remedy against Amtrak.

15. Amtrak is entitled to relief in accordance with Section 3 First (q) of the Railway Labor Act, 45 U.S.C. § 153 First (q).

## REQUEST FOR RELIEF

WHEREFORE, Amtrak respectfully requests that the Court:

A. Declare that Public Law Board No. 6671 exceeded the scope of its jurisdiction if it assessed a punitive back pay award against Amtrak;

B. Vacate any back pay remedy assessed by of Public Law Board No. 6671; and

C. Grant Amtrak such other and further legal and equitable relief that the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan C. Fritts_____
Thomas E. Reinert, Jr. (DC Bar No. 336867)
Jonathan C. Fritts (DC Bar No. 464011)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739–3000
(202) 739–3001 (fax)

May 1, 2006

*Attorneys for Defendant and Counterclaimant National Railroad Passenger Corporation*